**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| Kristina Jones & Kim Marrs, Individually and on behalf of others similarly situated, | Court File No. 4:07-CV-0400-RP-TJS |
| Plaintiffs, | **PLAINTIFFS' FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED)** |
| vs. | |
| Casey's General Stores, Inc. | |
| Defendant. | |

Plaintiffs KRISTINA JONES, KIM MARRS, MELISSA MARTENS, TAMMY

McKINNIS, TINA SANDERS, DEBORAH SPORLEDER, CANDACE UZZLE and MARY

SCHNOBRICH ("Plaintiffs"), individually and on behalf of all other similarly situated

employees of Casey's General Stores, Inc. ("Defendant"), by and through their counsel of record,

bring their claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §

201 *et seq.* (the "FLSA"), and as a Class Action pursuant to Rule 23 of the Federal Rules of Civil

Procedure and in accordance with Iowa state law, Illinois state law, Indiana state law, Kansas

state law, Minnesota state law, Missouri state law, Nebraska state law, and South Dakota state

law ("state wage laws") against Defendant, and allege, upon personal belief as to themselves and

their own acts, and as for all other matters upon information and belief, and based upon the

investigation made by their counsel, as follows:

1

**JURISDICTION AND VENUE**

1.    This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C.

§216(b), which provides that suit under the FLSA "may be maintained against any employer…in

any Federal or State court of competent jurisdiction." Id. Each representative Plaintiff has signed

an Opt-In Consent Form to join this lawsuit (Attached hereto as Exhibit "A").

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331.

3.    This Court has original jurisdiction over Plaintiffs' state law claims pursuant to

the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at

least some members of the proposed classes have a citizenship different from Defendant; and (2)

the claims of the proposed class members exceed $5,000,000.00 in the aggregate. This Court also

has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because

such claims derive from a common nucleus of operative facts.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because

Defendant resides in this District and does business within it. In addition, a substantial part of the

events and omissions giving rise to the claim pleaded in this Complaint occurred within this

District.

**PARTIES**

5.    Defendant is an Iowa corporation with its principle place of business in Ankeny,

Iowa.  Defendant operates and has at all relevant times operated convenience stores, some of

them through its wholly owned subsidiaries (including Casey's Marketing Company, Casey's

Service Company, and Casey's Retail Company), under the name "Casey's General Store" in

numerous locations across the Midwest, including Iowa, Illinois, Indiana, Missouri, Minnesota, Wisconsin, Indiana, Nebraska, Kansas and South Dakota.

6.      Plaintiffs are employees, as defined by 29 U.S.C. §201, Sec. 3(e), who currently work, or who worked as an assistant manager at any time during the three-year period immediately preceding the filing of the original Complaint (hereinafter "Violation Period"), at any Casey's General Store, whether operated directly by Defendant or through one of its wholly owned subsidiaries.

7.      Plaintiff Kristina Jones is a resident of Iowa and worked as an assistant manager at a Casey's General Store located in Des Moines, Iowa during the applicable statute of limitations period.

8.      Plaintiff Kim Marrs is a resident of Missouri and worked as an assistant manager at Casey's General Stores located in LaPlata and Waverly, Missouri during the applicable statute of limitations period.

9.      Plaintiff Melissa Martens is a resident of Illinois and worked as an assistant manager at the Casey's General Store located in Morrison, Illinois during the applicable statute of limitations period.

10.     Plaintiff Tammy McKinnis is a resident of Kansas and worked as an assistant manager at the Casey's General Store located in Marion, Kansas during the applicable statute of limitations period.

11.     Plaintiff Tina Sanders is a resident of Indiana and worked as an assistant manager at the Casey's General Store located in Mooresville, Indiana during the applicable statute of limitations period.

3

12.     Plaintiff Deborah Sporleder is a resident of Nebraska and worked as an assistant manager at the Casey's General Store located in Norfolk, Nebraska during the applicable statute of limitations period.

13.     Plaintiff Candace Uzzle is a resident of South Dakota and worked as an assistant manager at the Casey's General Store located in Platte, South Dakota during the applicable statute of limitations period.

14.     Plaintiff Mary Schnobrich is a resident of Minnesota and worked as an assistant manager at the Casey's General Store located in Owatonna, Minnesota during the applicable statute of limitations period.

## FACTUAL BACKGROUND

15.     Plaintiffs are current or former assistant managers who were employed by Defendant at one of its retail stores during the statutory period. Defendant classified all its assistant managers as non-exempt under the FLSA and state wage and hour laws and paid them an hourly rate.  Plaintiffs all shared the same job titles, compensation plans, job descriptions and job requirements.

16.     Plaintiffs were typically scheduled by the Defendant to work approximately 32-40 hours per week, but regularly worked additional hours including overtime hours in excess of 40 hours per week.

17.     Defendant encouraged Plaintiffs to be "on call" (meaning be available by telephone) and work additional hours to cover employee absences, fill in where necessary and work a flexible schedule including nights and weekends.

18.     Plaintiffs remained "on call" to field telephone calls from store employees and

4

often worked hours in addition to their scheduled hours. Specifically, Plaintiffs worked additional hours before and after the start of their shifts performing tasks mandated by Defendant including, but not limited to: (1) preparing hot food offerings; (2) traveling to competitors to compare gas prices; (3) cleaning store laundry away from the store; (4) covering shifts of other store employees; (5) conducting paperwork; (6) cleaning; and (7) making bank deposits and running other errands for Defendant outside of the store.

19.    Often times, Plaintiffs were denied mandatory meal and rest breaks by Defendant and instead were required to work through their break periods.

20.    Defendant failed to accurately record actual hours worked by its assistant managers as required by the FLSA and state wage laws. See 29 C.F.R. § 516.2 (a) (7). Rather, Defendant willfully encouraged its assistant managers to perform tasks and work additional time, including overtime, while off-the-clock.

21.    Defendant knew and was aware at all times that its assistant managers routinely worked more than their scheduled shifts and often times more than 40 hours per week. Nonetheless, Defendant failed to properly pay its assistant managers for all hours actually worked, including missed meal and rest breaks, regular and overtime compensation as required by the FLSA and state wage laws.

22.    Defendant's practices violated the provisions of the FLSA, See 29 U.S.C. § 207(a) (1) and state wage laws. As a result of Defendant's unlawful practice, Defendant benefitted from reduced labor and payroll costs.

23.    Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of regular and overtime compensation. As a

result of Defendant's improper and willful failure to pay its assistant managers in accordance with the requirements of the FLSA and state wage and hour laws, Plaintiffs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.    Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

25.    The proposed collective class of similarly situated persons is defined as:

All persons who are currently or were employed by Defendant during the three-year period immediately preceding the filing of the original complaint as "Assistant Managers" at any Casey's General Store located in the United States.

26.    This action is properly maintained as a collective action because Plaintiffs are similarly situated to the members of the collective class with respect to job title, job description, job duties, and the wage and hour violations alleged in this Complaint, amongst other things.

27.    Defendant encouraged, suffered and permitted Plaintiffs and the collective class to work hours each week without minimum wage compensation and to work more than forty (40) hours per week without overtime compensation.

28.    Defendant knew that Plaintiffs and the collective class performed work that required minimum wage and overtime compensation. Nonetheless, Defendant operated under a scheme to deprive Plaintiffs and the collective class of minimum wage and overtime compensation by failing to properly compensate them for all time worked.

6

29.    Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the collective class.

30.    Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the collective class. Plaintiffs request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

31.    Plaintiffs estimate that there are approximately six thousand (6,000) members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's stores.

## STATE SPECIFIC CLASS ALLEGATIONS

32.    The Iowa, Illinois, Indiana, Kansas, Minnesota, Missouri, Nebraska and South Dakota Representative Plaintiffs bring claims for relief on their own and as a class action pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure. Each state specific class is defined as: All persons who are currently or were employed by Defendant during the applicable limitations period as "Assistant Managers" at any Casey's General Store located in Iowa, Illinois, Indiana, Kansas, Minnesota, Missouri, Nebraska and South Dakota and who are not exempt from coverage under state law.

33.    This action is properly maintainable as a class action under Rule 23 because:

    a.    The class is so numerous that joinder of all members is impracticable;

b.    There are questions of law or fact that are common to the class;

c.    The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

d.    The Representative Plaintiffs will fairly and adequately protect the interests of the class.

34.    This action is also properly maintainable as a class action under Rule 23(b) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### Numerosity

35.    The total number of putative plaintiffs represents approximately six thousand (6,000) individuals. The exact number of class members in each state class is unknown but exceeds one hundred individuals. The exact number of state specific class members may be determined from Defendant's records.

### Commonality

36.    There are numerous and substantial questions of law and fact common to members of the state class including, but not limited to, the following:

a.    Whether Defendant failed to keep true and accurate time records for all hours worked by the proposed class;

b.    Whether Defendant improperly edited the time records of class members to reduce the amount of compensation it owed to class members;

c.    Whether proof of hours worked is sufficient where Defendant failed its

duty to maintain true and accurate time records;

d.    Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

e.    Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

f.    Whether Defendant failed to compensate class members for time they spent working through their break and meal periods;

g.    Whether Defendant engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked off-the-clock;

h.    Whether Defendant intentionally and pursuant to a standard policy or practice made misrepresentations or omissions of material fact by altering time, attendance and payroll records to understate class members' true earnings; and,

I.    Whether the Defendant willfully failed to comply with state and federal wage and hour laws.

37.    Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

### Adequacy

38.    The state Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of

complex litigation.

## Typicality

39.    The claims asserted by the state Representative Plaintiffs are typical of the state classes.  The state Representative Plaintiffs have the same interests and suffer from the same injury as the state class members.

40.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.    Plaintiffs incorporate by reference all preceding paragraphs.

42.    Plaintiffs and other assistant managers are similarly situated individuals within the meaning of the FLSA, Section 29 U.S.C. § 216(b).

43.    Section 206 of the FLSA requires employers to pay employees a minimum wage for all hours worked.

44. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

45.    Plaintiffs and other assistant managers regularly worked regular time and overtime

each week but were not paid regular and overtime wages in violation of the FLSA.

46.     Through its actions, policies and practices, Defendant violated the FLSA minimum wage and overtime pay requirements by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all actual hours worked.

47.     Defendant also willfully failed to pay minimum wages, overtime pay and other benefits to Plaintiffs and other assistant managers by failing to keep accurate time records to avoid paying them overtime wages and other benefits.

48.     The foregoing actions of Defendant violated the FLSA.

49.     Defendant's actions were willful and not in good faith.

50.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

51.     Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II

## VIOLATION OF IOWA MINIMUM WAGE REQUIREMENTS

52.     Plaintiffs incorporate by reference all preceding paragraphs.

53.     Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

54.     Defendant is an "employer" and Plaintiffs and class members are "employees" under Iowa Code, Title III –2-91D *et seq.*

55.     Iowa Code, Title III –2-91D *et seq.* requires employers to pay employees

minimum wages for all hours worked. Iowa Code further provides that employers who violate

the provisions of this act are liable to affected employees for unpaid wages, liquidated damages,

costs, attorney's fees, and other appropriate relief.

56.    Defendant violated Iowa Code, Title III –2-91D *et seq.* by regularly and repeatedly

failing to properly compensate Plaintiffs and class members for the actual time they worked each

week.

57.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have

suffered and will continue to suffer lost wages and other damages.

**COUNT III**

**VIOLATION OF ILLINOIS MINIMUM WAGE AND OVERTIME REQUIREMENTS**

58.    Plaintiffs incorporate by reference all preceding paragraphs.

59.    Plaintiffs are members of a class that meets the requirements for certification and

maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

60.    Defendant is an "employer" and Plaintiffs and class members are "employees"

under Illinois statute 820 ILCS §105 *et seq.*

61.    Illinois Statutes 820 ILCS §105 *et seq.* requires employers to pay employees

minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one

and one half times their regular rate for all hours worked over forty (40) per work week. Section

105/12 provides that employers who violate the provisions of this act are liable to affected

employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such

underpayment for each month following the date of underpayments and other appropriate relief.

62.    Defendant violated Illinois Statutes 820 ILCS §105 *et seq.* by regularly and

repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

63.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

**COUNT IV**

**VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

64.    Plaintiffs incorporate by reference all preceding paragraphs.

65.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66.    Defendant is an "employer" and Plaintiffs and class members are "employees" under Illinois statute 820 ILCS §115 *et seq.*

67.    Illinois Statutes 820 ILCS §115/1 *et seq*. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties…" Payment to separated employees is termed "final compensation" and is defined as "wages, salaries, earned commissions, earned bonuses…and any other compensation owed the employee by the employer pursuant to any employment contract or agreement between the two parties."

68.    Illinois Statutes 820 ILCS §115/4 requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. Illinois Statutes 820 ILCS §115/5 provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly schedule payday for

13

such employee."

69.    Defendant violated Illinois Statutes 820 ILCS §115 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week within 13 days of the date such compensation was earned and by failing to properly compensate Plaintiffs and class members their rightful wages by the next scheduled payday after their separation.

70.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT V

## VIOLATION OF ILLINOIS REST AND MEAL BREAK REQUIREMENTS

71.    Plaintiffs incorporate by reference all preceding paragraphs.

72.    Illinois Statute 820 ILCS §140/3 requires that employers must permit each employee who is working for 7½ or more continuous hours at least 20 minutes for a meal period beginning no later than 5 hours after the start of the work period.

73.    Illinois Statute 820 ILCS §140/7 provides that a Defendant who violates this Act, shall be guilty of a petty offense, and shall be fined for each offense in a sum of not less than $25.00 nor more that $100.00.

74.    Defendants violated Illinois Statute 820 ILCS §140 et seq. by failing to allow Plaintiffs and class members to take their allowed meal breaks.

75.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damages.

## COUNT VI

## VIOLATION OF INDIANA MINIMUM WAGE AND OVERTIME REQUIREMENTS

76.    Plaintiffs incorporate by reference all preceding paragraphs.

77.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

78.    Defendant is an "employer" and Plaintiffs and class members are "employees" under Indiana Minimum Wage Act IC 22-2-2 *et seq.*

79.    Indiana Minimum Wage Act IC 22-2-2 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 22-2-2-4 requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.  Section 22-2-2-9 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees, and other appropriate relief.

80.    Defendant violated Indiana Minimum Wage Act IC 22-2-2 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

81.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT VII

## VIOLATION OF KANSAS MINIMUM WAGE AND OVERTIME REQUIREMENTS

82.    Plaintiffs incorporate by reference all preceding paragraphs.

83.    Plaintiffs are members of a class that meets the requirements for certification and

maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

84.    Defendant is an "employer" and Plaintiffs and class members are "employees" under Kansas Statutes section 44-1202 *et seq.*

85.    Kansas Statutes section 44-1203 *et seq.* requires employers to pay employees minimum wages due for all hours worked. Section 44-1204 *et seq.,* requires employers to pay employees one and one half times their regular rate for all hours worked over forty-six (46) per work week.  Section 44- 1211 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs and attorney's fees.

86.    Defendant violated Kansas Statutes section 44-1201 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

87. As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT VIII

## VIOLATION OF KANSAS RECORD KEEPING REQUIREMENTS

88.    Plaintiffs incorporate by reference all preceding paragraphs.

89.    Kansas Statutes section 44-1209 *et seq.,* requires employers to keep a record of hours worked each day and each workweek by their employees. Section 44-1211 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs and attorney's fees.

90.    Defendant violated Kansas Statutes section 44-1209 *et seq.,* by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working

for the Defendant.  As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs

and class members suffered damages.

## COUNT IX

### VIOLATION OF MINNESOTA MINIMUM WAGE & OVERTIME REQUIREMENTS

91.    Plaintiffs incorporate by reference all preceding paragraphs.

92.    Plaintiffs are members of a class that meets the requirements for certification and

maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

93.    Defendant is a "large employer" and Plaintiffs and class members are

"employees" under Minnesota Statutes section 177.24.

94.    Minnesota Statutes section 177.24 requires employers to pay employees minimum

wages for all hours worked. Section 177.25 requires employers to pay employees one and one

half times their regular rate for all hours worked over forty-eight (48) per work week. Section

177.27 provides that employers who violate sections 177.24 or 177.25 are liable to affected

employees for unpaid wages, costs, attorney's fees and other appropriate relief.

95.    Defendant violated Minnesota Statute section 177.24 by regularly and repeatedly

failing to properly compensate Plaintiffs and class members for the actual time they worked each

week.

96.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have

suffered and will continue to suffer lost wages and other damages.

## COUNT X

### VIOLATION OF MINNESOTA REST AND MEAL BREAK REQUIREMENTS

97.    Plaintiffs incorporate by reference all preceding paragraphs.

98.     Minnesota Statutes section 177.253 requires that all employees must receive adequate time from work within each four consecutive hours of work to utilize the nearest convenient restroom.

99.     Minnesota Statutes section 177.254 requires that an employer must permit each employee who is working for eight or more consecutive hours sufficient time to eat a meal.

100.    Minnesota Statutes section 177.27 subsection 7, as incorporated in Minnesota Statutes section 177.27 subsection 8, provides that a Defendant is subject to a penalty recoverable by the Plaintiffs and class members of up to $1,000.00 per employee, per violation. Plaintiffs and class members are also entitled to attorney's fees and costs incurred in connection with these claims pursuant to Minnesota Statutes section 177.27, subsection 10 and for all other relief allowed by law.

101.    Defendants violated Minnesota Statutes section 177.253 and 177.254 by failing to allow Plaintiffs and class members to take their allowed rest and meal breaks.

102.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer damages.

## COUNT XI

## VIOLATION OF MINNESOTA RECORD KEEPING REQUIREMENTS

103.    Plaintiffs incorporate by reference all preceding paragraphs.

104.    Minnesota Statutes section 177.30 requires employers to keep a record of hours worked each day and each workweek by their employees.

105.    Minnesota Statutes section 177.27 subsection 7, as incorporated in Minnesota Statutes section 177.27 subsection 8, provides that a Defendant is subject to a penalty

recoverable by the Plaintiffs and class members of up to $1,000.00 per employee, per violation. Plaintiffs and class members are also entitled to attorney's fees and costs incurred in connection with these claims pursuant to Minnesota statute §177.27, subsection 10 and for all other relief allowed by law.

106.    Defendant violated Minnesota Statutes section 177.30 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant.

107.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and class members suffered damages.

## COUNT XII

## VIOLATION OF MISSOURI MINIMUM WAGE AND OVERTIME REQUIREMENTS

108.    Plaintiffs incorporate by reference all preceding paragraphs.

109.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

110.    Defendant is an "employer" and Plaintiffs and class members are "employees" under Missouri Statutes section 290.500 *et seq*.

111.    Missouri Statutes section 290.502 *et seq*. requires employers to pay employees minimum wages for all hours worked. Section 290.505 requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 290.527 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees, and other appropriate relief.

112.    Defendant violated Missouri Statutes section 290.500 *et seq*. by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

113.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT XIII

### VIOLATION OF MISSOURI RECORD KEEPING REQUIREMENTS

114.    Plaintiffs incorporate by reference all preceding paragraphs.

115.    Missouri Statutes section 290.520 requires employers to keep a record of hours worked each day and each workweek by their employees for a period of three years.

116.    Missouri Statutes section 290.527 provides that employers who violate the provisions of sections 290.500 to 290.530 are liable to affected employees for unpaid wages, liquidated damages, costs, attorney's fees, and other appropriate relief.

117.    Defendant violated Missouri Statute section 290.520 by failing to make and keep records of the time Plaintiffs and class members spent each day and each week working for the Defendant.

118.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs and class members suffered damages.

## COUNT XIV

### VIOLATION OF NEBRASKA MINIMUM WAGE REQUIREMENTS

119.    Plaintiffs incorporate by reference all preceding paragraphs.

120.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

121.    Defendant is an "employer" and Plaintiffs and class members are "employees" under Nebraska Statutes 48-1203 *et seq.*

122.    Nebraska Statutes section 48-1203 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 48-1206 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, and other appropriate relief.

123.    Defendant violated Nebraska Statutes section 48-1203 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

124.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

## COUNT XV

## VIOLATION OF SOUTH DAKOTA MINIMUM WAGE REQUIREMENTS

125.    Plaintiffs incorporate by reference all preceding paragraphs.

126.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

127.    Defendant is an "employer" and Plaintiffs and class members are "employees" under South Dakota codified laws 60-11-3 *et seq.*

128.    South Dakota codified laws 60-11-3 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 60-11-4 and 6-11-24 provides that employers

who violate the provisions of this act are liable to affected employees for unpaid wages, costs,

attorney's fees, and other appropriate relief. Section 60-11-7 provides that employers who have

been oppressive, fraudulent or malicious in their refusal to pay wages due to employees are liable

to affected employees for double damages.

129.    Defendant violated South Dakota codified laws 60-11-3 *et seq*. by regularly and

repeatedly failing to properly compensate Plaintiffs and class members for the actual time they

worked each week.

130.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have

suffered and will continue to suffer lost wages and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class demand that the Court enter judgment in their

favor on this Complaint and:

a.     Award judgment in favor of Plaintiffs and against Defendant for an amount equal

to Plaintiffs' and collective class action members' unpaid back wages pursuant to

the applicable minimum wage and overtime rates;

b.     Award and declare that Defendant's violations of the FLSA and state laws were

willful;

c.     Award Plaintiffs and members of the collective class liquidated damages in

accordance with the FLSA;

d.     Award prejudgment interest (to the extent that liquidated damages are not

awarded);

e.     Certify this action as a class action pursuant to Rule 23(a) and (b) of the Federal

Rules of Civil Procedure and certify the state classes set forth above;

f.      Award all legal and equitable relief available under Iowa Code, Title III –2-91D *et seq*.;

g.      Award all legal and equitable relief available under Illinois Statutes 820 ILCS § 105 *et seq.;*

h.      Award all legal and equitable relief available under Illinois Statutes 820 ILCS § 115 *et seq.;*

I.      Award all legal and equitable relief available under Illinois Statutes 820 ILCS § 140 *et seq.;*

j.      Award all legal and equitable relief available under Indiana Minimum Wage Act IC 22-2-2 *et seq*.;

k.      Award all legal and equitable relief available under Kansas Statutes section 44-313 *et seq*.;

l.      Award all legal and equitable relief available under Minnesota Statutes section 177.21 *et seq.;*

m.      Assess all applicable penalties against Defendant to be paid to Plaintiffs and class members pursuant to Minnesota Statutes section 177.27 subsection 7, as incorporated in Minnesota Statutes section 177.27 subsection 8;

n.      Award all legal and equitable relief available under Missouri Statutes section 290.502 *et seq.;*

o.      Award all legal and equitable relief available under Nebraska Statutes section 48-1203 *et seq*.;

p.    Award all legal and equitable relief available under South Dakota codified laws 60-11-3 *et seq.;*

q.    Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA and applicable state laws;

r.    Award pre and post-judgment interest and court costs as further allowed by law;

s.    Grant Plaintiffs and the class leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

t.    Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and,

u.    Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

DATED this 28th day of January, 2008.

/s/ Scott H. Peters
Scott H. Peters, #PO0004327
Jon E. Heisterkamp, #PO0012545
233 Pearl Street, P.O. Box 1078
Council Bluffs, IA 51502-1078
Telephone (712) 328-3157
Facsimile (712) 328-9092

Jonathan W. Cuneo
Jon A. Tostrud
Matthew Wiener
Cuneo Gilbert & LaDuca, LLP
507 C. St., NE
Washington, D.C. 20002
Telephone (202) 789-3960
Facsimile (202) 789-1813

J. Barton Goplerud
Hudson, Mallaney & Shindler, P.C.
5015 Grand Ridge Dr.
Suite 100
West Des Moines, Iowa 50265
Telephone: (515)223-4567
Facsimile: (515) 223-8887

Ryan F. Stephan
James B. Zouras
Stephan Zouras, LLP
205 North Michigan Avenue
Suite 2560
Chicago, IL 60601
Telephone: (312) 233-1550
Facsimile: (312) 233-1560

**ATTORNEYS FOR PLAINTIFFS**

Electronically filed.

Electronically served:

Edward W. Remsburg
Elizabeth Gregg Kennedy
Nathan J. Overberg
Amanda G. Wachuta
AHLERS & COONEY, P.C.
100 Court Avenue, Ste. 600
Des Moines, IA 50309-2231

Jeffrey D. Hanslick
Kimberly A. Jones
BLACKWELL SANDERS, LLC
4801 Main Street, Ste. 1000
Kansas City, MO 64112

**ATTORNEYS FOR DEFENDANT**

### Proof of Service

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record at their respective addresses disclosed on the pleadings, on January 28, 2008.

By: ❑ U.S. Mail    ❑ FAX

❑ Hand Delivered    ❑ UPS

❑ Federal Express    X Electronic Mail

❑ Other _____

Signed by /s/ Scott H. Peters _____

25

**OPT-IN CONSENT FORM**

## Jones, et al. v. Casey's General Stores, Inc. Case No. 07-CV-400
## United States District Court, Southern District of Iowa

Name:    _____
        (Please Print)

### CONSENT TO JOIN COLLECTIVE ACTION
Pursuant to Fair Labor Standards Act
29 U.S.C. §116(b)

I consent and agree to pursue my claims arising out of unpaid overtime work as a Assistant Manager or other similarly titled position (hereinafter "Assistant Manager") at Casey's General Stores ("Casey's General Stores"), in connection with the above-referenced lawsuit.

I worked in the position of Assistant Manager at Casey's General Stores from on or about (month, year) _____ to on or about (month, year) _____.

During the time period I was employed by Casey's General Stores, I worked in excess of forty (40) hours per week, but was not paid overtime compensation.

Through my course of employment, I became familiar with the duties, policies, training and directives that Assistant Managers were required to follow. I witnessed other Assistant Managers who (check all that apply):

_____    performed similar job duties as I did;

_____    worked more than 40 hours per week.

I was aware of other Assistant Managers who were subjected to similar duties, policies and directives that I was.

I understand that this lawsuit is brought under the Fair Labor Standards Acts of 1938, as amended, 29 U.S.C. § 201 *et seq.* I hereby consent, agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court on any settlement of this action.

I hereby designate the law firms Peters Law Firm, P.C.; Cuneo Gilbert & LaDuca, LLP; Hudson Mallaney & Shindler, P.C. and Stephan Zouras, LLP to represent me for all purposes of this action.

I also designate the Class Representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    _____
(Date Signed)            (Signature)

**\*\*\*Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

EXHIBIT "A"